**Jose Rodolfo MAGANA–PENA, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 13–70117.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 20, 2015.*

Filed Jan. 12, 2016.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Oil, Jane Tracey Schaffner, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: W. FLETCHER, RAWLINSON, and PARKER,** Circuit Judges.

### MEMORANDUM ***

Petitioner Jose Rodolfo Magana–Pena (Magana–Pena) petitions for review of a decision of the Board of Immigration Appeals (BIA) that determined Magana–Pena's conviction for residential burglary under Arizona Revised Statute § 131507 was an aggravated felony within the meaning of 8 U.S.C. § 1101(a)(43)(F). Specifically, the BIA determined that Magana–

Pena's burglary offense constituted a crime of violence under 18 U.S.C. § 16(b).[1]

As a preliminary matter, we conclude that res judicata did not bar the Department of Homeland Security from raising a new ground of removability on remand from this court because there was never a final judgment on the merits. *See Valencia–Alvarez v. Gonzales*, 469 F.3d 1319, 1324 (9th Cir.2006).

However, we conclude that our recent decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir.2015), controls the outcome of this case. In *Dimaya*, we adhered to the rationale articulated in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2558, 192 L.Ed.2d 569 (2015), where the Court held that the residual clause defining a violent felony under the Armed Career Criminal Act of 1984 was unconstitutionally vague. We held that the similar "residual clause definition of a violent felony [under 18 U.S.C. § 16(b) ] is unconstitutionally vague...." *Dimaya*, 803 F.3d at 1111 (internal quotation marks omitted). We are bound by this precedent, which does not support the BIA's determination.

The petition for review is **GRANTED** and we **REMAND** to the BIA for further proceedings consistent with this disposition.

---

**1.** 18 U.S.C. § 16(b) defines a crime of violence as a felony offense "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."